# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60320
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2014

Lyle W. Cayce
Clerk

MARIA DEL ROSARIO ORTEGA DE LEZAMA, also known as Maria Cortega Lezama, also known as Maria del Rosario Ortega,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 940 459

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Maria Del Rosario Ortega De Lezama (Lezama) petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of her application for withholding of removal, the BIA's denial of her motion to reopen, and the BIA's denial of her motion to reconsider.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60320

Since the BIA summarily affirmed the IJ's decision that Lezama was not entitled to withholding of removal, we review the IJ's decision. *See Mwembie v. Gonzales*, 443 F.3d 405, 409 (5th Cir. 2006). The IJ's legal conclusions are reviewed de novo and its findings of fact are reviewed under the substantial evidence standard. *See Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). Lezama applied for withholding of removal based on her membership in the particular social group of Mexican nationals returning to Mexico from the United States; she contends that members of her proposed social group are perceived by Mexican society to have money due to their residence in the United States. We have repeatedly concluded that aliens returning to their home country from the United States who are perceived as wealthy lack the requisite particularity to constitute a particular social group. *See, e.g.*, *Vasquez-Hernandez v. Holder*, 542 F. App'x 382, 383 (5th Cir. 2013). Lezama offers no basis for distinguishing this persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006). Accordingly, she has failed to show error in the IJ's decision that she was not entitled to withholding of removal.

We review the denial of Lezama's motions to reopen and to reconsider for abuse of discretion. *See Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Contrary to Lezama's argument, the BIA did not abuse its discretion by assessing Lezama's prima facie eligibility for withholding of removal based on the evidence presented in her motion to reopen. *See INS. v. Abudu*, 485 U.S. 94, 104 (1988); *Ogbemudia v. INS*, 988 F.2d 595, 600 (5th Cir. 1993); 8 C.F.R. § 1003.2(a), (c)(1). Her reliance on the regulatory prohibition on BIA fact-finding in 8 C.F.R. § 1003.1(d)(3)(iv) is misplaced as this regulation governs the BIA's role in deciding an appeal and not a motion to reopen.

No. 13-60320

As to whether the BIA abused its discretion by concluding that she failed to make a prima facie case for withholding of removal, Lezama offers only conclusory assertions that fail to meaningfully challenge the BIA's decision. Because Lezama fails to show that the BIA abused its discretion in concluding that she did not make a prima facie case for withholding of removal, we need not decide whether the BIA abused its discretion in denying her motion to reopen on the other grounds articulated by the BIA. *See Zhao*, 404 F.3d at 304.

Lezama's arguments on appeal regarding the denial of her motion to reopen parallel the arguments she raised in her motion to reconsider. The BIA did not abuse its discretion in denying Lezama's motion to reconsider for the same reasons that the BIA did not abuse its discretion in denying Lezama's motion to reopen. *See id.*

Lezama's petitions for review are DENIED.