# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2021

Lyle W. Cayce
Clerk

No. 19-60645

Mirian Margarita Parada-Orellana,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 116 350

Before Higginbotham, Stewart, and Wilson, *Circuit Judges*.
Cory T. Wilson, *Circuit Judge*:

Mirian Margarita Parada-Orellana moved the Immigration Court of Harlingen, Texas, to rescind her in absentia order of removal or, in the alternative, to reopen her removal proceedings to allow her to apply for cancellation of removal pursuant to the Immigration and Nationality Act (INA) § 240A(b). The Immigration Judge (IJ) denied her request, and she appealed to the Board of Immigration Appeals (BIA), which dismissed her appeal. She now petitions this court for review. We DENY the petition in part and DISMISS in part.

No. 19-60645

## I.

Parada-Orellana is a native and citizen of El Salvador. She entered the United States on October 1, 2005. While crossing the border, Parada-Orellana was apprehended by border patrol agents. She was detained for three days.

On October 2, 2005, Parada-Orellana was served while in detention with a notice to appear (NTA). The NTA ordered her to appear before an IJ in Harlingen, Texas, at a date and time to be set. Immigration and Customs Enforcement (ICE) agents asked Parada-Orellana for the address where she would be living in the United States, but she only reported that she would be staying with her uncle in Houston, Texas. The agents advised Parada-Orellana that she needed to call and update her address with the immigration court when she obtained a stable address.

After being released, Parada-Orellana went to her uncle's house in Houston. According to Parada-Orellana, she gave all her "immigration papers" to her uncle's wife after his wife told her that it was "risky" to travel with them. Two months later, Parada-Orellana relocated to Maryland to live with a friend. She did not contact the immigration court to update her address. Parada-Orellana states this was because her uncle and his wife misplaced her "immigration papers."

Regardless, on March 9, 2006, the IJ called Parada-Orellana's name for a hearing. She was not present, so on March 20, 2006, the IJ ordered Parada-Orellana to be removed in absentia. The IJ noted that Parada-Orellana was advised that she was required by 8 U.S.C. § 1229(a)(1)(F) to provide ICE and the court with her address, which she did not do. The IJ concluded that because Parada-Orellana did not meet this requirement, under § 1229a(b)(5)(B), the court was not required to provide her with written notice of her hearing.

No. 19-60645

On April 5, 2010, ICE detained Parada-Orellana in Jessup, Maryland. According to Parada-Orellana, this is when she first became aware that the IJ had entered a deportation order. After she was released, she consulted with two lawyers but did not ultimately pursue any action to address the order.[1]

On June 3, 2015, Parada-Orellana married Nelson Antonio Ferman Barrera (Ferman), a United States citizen she had been dating since 2006. According to Parada-Orellana, she helps Ferman run his business and manage his medical conditions (high cholesterol and asthma). Parada-Orellana and Ferman do not have children together.

In June 2016, Ferman filed an I-130 petition for alien relative on behalf of Parada-Orellana, which was approved June 5, 2017. Parada-Orellana then requested that the Department of Homeland Security join in a motion to reopen her removal proceedings. That request was denied on June 22, 2018. On September 20, 2018, Parada-Orellana filed an opposed motion to reopen with the IJ, which she later supplemented with exhibits and briefing. In her motion, Parada-Orellana sought to rescind her in absentia order of removal or, in the alternative, to reopen her removal proceedings sua sponte to allow her to apply for cancellation of removal for certain non-permanent citizens pursuant to INA § 240A(b). The same day she filed her motion, she applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Along with her application, she submitted evidence of her relationship with her husband. She alleged that her husband would suffer exceptional and extremely unusual hardship without her support due to his health conditions.

---

[1] According to Parada-Orellana, the lawyers advised her that it would be "very difficult to obtain a legal status with an order of deportation" and that "if [Parada-Orellana] presented [herself] to ICE again, [she] was going to be deported."

The IJ denied the motion to reopen on January 28, 2019. First, the IJ found that Parada-Orellana was personally served with a NTA that expressly warned her of the requirement that she provide written notice of her full mailing address and any address or telephone number changes. The IJ then concluded that Parada-Orellana forfeited her right to receive notice of her hearing by failing to fulfill this requirement. The IJ also determined that because the motion to reopen was filed more than 180 days after the removal order was issued, the removal order could not be rescinded if Parada-Orellana did not show that her failure to appear was due to exceptional circumstances. The IJ stated that Parada-Orellana had not established that the 180-day deadline should be equitably tolled. The IJ noted that the record was unclear as to why Parada-Orellana filed her motion to reopen in 2018, eight years after she learned that that she had been ordered removed. And the IJ concluded that Parada-Orellana failed to demonstrate reasonable diligence in filing her motion to reopen with respect to the 180-day deadline.

Nonetheless, the IJ ultimately determined that Parada-Orellana was entitled to equitable tolling of the deadline for a motion to reopen to apply for cancellation of removal considering the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Reaching the merits, the IJ denied the motion to reopen, concluding that Parada-Orellana did not establish prima facie eligibility for the relief of cancellation of removal. Specifically, the IJ concluded that Parada-Orellana did not show that her husband would experience exceptional and extremely unusual hardship in the event of her removal.

Parada-Orellana appealed the IJ's decision to the BIA. The BIA dismissed the appeal on August 6, 2019. The BIA agreed with the IJ that Parada-Orellana failed to establish that the removal order should be rescinded because her lack of notice of her hearing. The BIA also agreed with the IJ that, although Parada-Orellana established eligibility for equitable

No. 19-60645

tolling regarding the motion to reopen to apply for cancellation of removal, she did not establish prima facie eligibility for cancellation of removal. On September 3, 2019, Parada-Orellana filed a timely petition for review with this court. *See* 8 U.S.C. § 1252(a)(1), (b)(1), (b)(2).

## II.

Parada-Orellana raises two issues in her petition for review.[2] First, she contends the BIA erred by failing to apply and follow its own precedent when it denied her motion to reopen. Second, she contends the BIA erred in concluding that she had not presented evidence of prima facie eligibility for cancellation of removal because she did not show that her husband would experience the requisite hardship in the event of her removal.

In response, the Government asserts this court lacks jurisdiction to review the BIA's prima facie determination pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), which precludes judicial review of *any judgment* regarding cancellation of removal under § 1229b. The Government does not contest that this court retains jurisdiction over questions of law, such as application of the appropriate legal standard. But the Government asserts that Parada-Orellana's claim in this regard—that the BIA failed to apply and follow its own precedent—is "simply [a] factual and discretionary dispute[] cloaked with legal language" that should likewise fall under the jurisdictional bar.

Parada-Orellana acknowledges § 1252(a)(2)(B)(i)'s bar but counters that it does not prevent our review of her claims because she has never had a "full merits" hearing on her application for cancellation of removal. We

---

[2] Parada-Orellana admits in her brief that her arguments regarding recission of her in absentia removal order are foreclosed by this court's decisions in *Ramos-Portillo v. Barr*, 919 F.3d 955, 961–62 (5th Cir. 2019) and *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 (5th Cir. 2018). Accordingly, she does not press this issue on appeal.

address both issues raised by Parada-Orellana, including our jurisdiction or lack thereof, in turn.

## A.

While we typically only review the final decision of the BIA, when the IJ's ruling plays into the BIA's decision, as it does in this case, we review both the IJ's and the BIA's decisions. *Sealed Petitioner v. Sealed Respondent*, 829 F.3d 379, 383 (5th Cir. 2016). This court reviews questions of law, such as the BIA's application of the appropriate legal standard, de novo. *Rodriguez v. Holder*, 585 F.3d 227, 233 (5th Cir. 2009). Otherwise, we review the BIA's denial of a motion to reopen under "a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). This means we will "affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.*

## B.

Parada-Orellana first asserts that the BIA abused its discretion by failing to follow its own precedent and apply the correct legal standard to her motion to reopen. More specifically, she alleges the BIA "ignored its own case law regarding the standard for evaluating prima facie evidence of eligibility for relief in a motion to reopen that was announced in *Matter of L-O-G-*[, 21 I & N Dec. 413, 418-19 (BIA 1996)]." According to Parada-Orellana, "remand is necessary so that the [BIA] can clarify the standard employed in evaluating [her] evidence for prima facie eligibility for relief . . . ." We disagree.

To begin, as we previously noted, whether the BIA applied the correct legal standard is a question of law over which this court has jurisdiction. *Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010); *see also* 8 U.S.C.

No. 19-60645

§ 1252(a)(2)(D).  We acknowledge the Government's contention that this issue is a factual (and thus discretionary, and non-appealable) dispute disguised with legal language, but we conclude that Parada-Orellana's assertion is sufficient to require us to address the issue as a question of law.

For background, the BIA may deny a motion to reopen on one of three grounds: (1) failure to establish a prima facie case for the underlying relief sought, (2) failure to introduce previously unavailable, material evidence, or (3) failure to establish entitlement to discretionary relief.  *I.N.S. v. Abudu*, 485 U.S. 94, 104–05 (1988).  Parada-Orellana's appeal implicates *Abudu*'s first ground for denying a motion to reopen—failure to establish a prima facie case for the underlying relief sought.  The underlying relief that Parada-Orellana sought was cancellation of removal under 8 U.S.C. § 1229b(b)(1).

The BIA agreed with the IJ that Parada-Orellana had "not established prima facie eligibility for cancellation of removal" under § 1229b(b)(1).  Section 1229b(b)(1) requires an applicant to establish, *inter alia*, "that removal would result in exceptional and extremely unusual hardship" to the applicant's qualified family member, here, Parada-Orellana's husband.  According to the BIA, Parada-Orellana failed to make this showing.  More specifically, the BIA concluded that she did not show "that her husband could not obtain medical care, if she were removed, and emotional hardship, without more, does not meet the standard for exceptional and extremely unusual hardship."

In her petition to this court, Parada-Orellana contends that the IJ and the BIA held her to a higher standard than simply establishing *prima facie* evidence of extreme and unusual hardship, as if she "had a full hearing on the merits of her cancellation application."  She states that although the BIA used the phrase "prima facie eligibility," it did not actually apply the standard set forth in *Matter of L-O-G-*, which requires that the BIA decide

whether there is a "reasonable likelihood that relief will be granted in the exercise of discretion." *Matter of L-O-G-*, 21 I. & N. Dec at 419.

Parada-Orellana makes this assertion despite acknowledging that the BIA opinion does not expound upon the standard of review beyond stating that she must establish "prima facie eligibility" for relief. In other words, Parada-Orellana does not point to any language in the BIA's order that would indicate that the BIA applied the *incorrect* standard. In fact, the record reflects the opposite.

In her order, the IJ concluded that Parada-Orellana had "not shown that there is a *reasonable likelihood* that she c[ould] demonstrate that her removal to El Salvador would result in exceptional and extremely unusual hardship to her husband." (emphasis added). In reaching this conclusion, the IJ cited *In Re S-V-*, 22 I. & N. Dec. 1306 (BIA 2000), a more recent case that cited *Matter of L-O-G-* to support its use of the reasonable-likelihood standard. And in its order dismissing Parada-Orellana's appeal, the BIA stated that it agreed with the IJ's analysis and affirmed her decision.

The BIA's failure expressly to denote the standard of review does not make the BIA's ruling incorrect. Indeed, failure to expound upon the law and failure to apply the law (or failure to apply the law correctly) are not the same. There is no requirement "that the BIA address evidentiary minutiae or write any lengthy exegesis . . . ." *Abdel-Masieh v. U.S. I.N.S.*, 73 F.3d 579, 585 (5th Cir. 1996) (citation omitted). Upon review of the record, we find no indication that the BIA abused its discretion by applying an incorrect legal standard. Accordingly, this issue lacks merit.

## C.

Next, Parada-Orellana asserts that the BIA abused its discretion by finding she had not presented prima facie evidence of eligibility for the relief of cancellation of removal. As mentioned above, the Government counters

that this court lacks jurisdiction to review the BIA's prima facie hardship determination pursuant to 8 U.S.C. § 1252(a)(2)(B)(i).  We agree that we lack jurisdiction to reach this issue.

Section 1252(a)(2)(B)(i) precludes judicial review of "any judgment" regarding the grant or denial of cancellation of removal under § 1229b:

> Notwithstanding any other provision of law . . . and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review *any judgment* regarding the granting of relief under section . . . 1229b . . . of this title.

(emphasis added); *see also Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007).[3] Based on this proscription, we have routinely held that we are barred from reviewing either the BIA's initial denials of petitioners' claims to cancellation of removal or subsequent denials of motions to reopen the same.  *See, e.g.*, *Assad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004); *Rodriguez v. Ashcroft*, 253

---

[3] Section 1229b(b)(1) provides:

The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien—

(A)     has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

(B)     has been a person of good moral character during such period;

(C)     has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and

(D)     establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

F.3d 797, 799–800 (5th Cir. 2001); *see also Mata v. Lynch*, 576 U.S. 143, 147 (2015).

According to Parada-Orellana, however, § 1252(a)(2)(B)(i)'s explicit bar does not preclude our review here. She contends this case is different because she has never had a "full merits" hearing on her application for cancellation of removal. Parada-Orellana refers us to *Manzano-Garcia v. Gonzales*, 413 F.3d 462 (5th Cir. 2005), to support her position that this distinction makes her case reviewable. She posits that in *Manzano-Garcia*, this court held that § 1252(a)(2)(B)(i)'s bar did not apply "where no previous[] decision had been made on an application for discretionary relief at a full merits hearing." But this is an incorrect interpretation of *Manzano-Garcia*.

While we concluded that we had jurisdiction to review the BIA's denial of the petitioner's motion to reopen in *Manzano-Garcia*, our holding was narrower than Parada-Orellana suggests. In reaching our decision, we explained:

> the BIA denied the Manzanos' motion to reopen pursuant to 8 C.F.R. § 1003.2 and the "new evidence" ground of *Abudu*. . . . The BIA thus ultimately affirmed its prior affirmance of the Manzanos' removability under § 1182(a)(6)(A)(i); it did not make an adverse determination of the merits of Mr. Manzano's application for adjustment of status under § 1255.

*Manzano-Garcia*, 413 F.3d at 468. In other words, we determined that we had jurisdiction there because the BIA's judgment on the petitioner's motion to reopen was premised on the "new evidence" ground of *Abudu* and "did not relate to any of the delineated subsections of title 8 we cannot review under § 1252(a)(2)(B)(i)." *Id*. at 469. The same is not true here.

As discussed above, *Abudu* set forth three grounds for the BIA to deny a motion to reopen: (1) failure to establish a prima facie case for the

underlying relief sought, (2) failure to introduce previously unavailable, material evidence, or (3) failure to establish entitlement to discretionary relief. *Abudu*, 485 U.S. at 104–05. In *Manzano-Garcia*, the BIA denied the petitioner's motion to reopen on the second ground, requiring new evidence. 413 F.3d at 469. Here, the BIA denied Parada-Orellana's motion to reopen on the first ground, failure to establish a prima facie case for cancellation of removal. This distinction is important because the BIA's ultimate determination in this case—that Parada-Orellana failed to make a prima facie showing of hardship—*falls within* "the delineated subsections of title 8 we cannot review under § 1252(a)(2)(B)(i)." *Id.* at 467; *see also Fernandez v. Gonzales*, 439 F.3d 592, 599-600 (9th Cir. 2006) (analyzing distinction between *Abudu*'s first two categories and concluding the same).

Section 1252(a)(2)(B)(i) specifically precludes judicial review of "any judgment" regarding cancellation of removal under § 1229b. This encompasses § 1229b(b)(1)(D)'s requirement that the petitioner establish "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, . . . who is a citizen of the United States . . . ." While it is true that Parada-Orellana did not have a "full merits" hearing on her application for cancellation, the BIA's denial of her motion based on its conclusion that she failed to establish a prima facie case for the underlying relief of cancellation of removal is tantamount to a discretionary decision on the merits barred by § 1252(a)(2)(B)(i).

The Government's brief sums it up well:

the only way to evaluate whether Parada[-Orellana]'s evidence demonstrated a reasonable likelihood that she could show the necessary hardship in a reopened hearing would be to evaluate the factual circumstances . . . and determine whether those facts, when fully developed at a hearing, might rise to the hardship standard. The discretionary determination of

No. 19-60645

whether a given set of facts rises to the hardship standard is precisely the determination Congress left in the agency's hands.

Accordingly, we lack jurisdiction to review this issue. *See, e.g.*, *Sung*, 505 F.3d at 377; *Rodriguez*, 253 F.3d at 799; *Moosa v. I.N.S.*, 171 F.3d 994, 1013 (5th Cir. 1999).

\*     \*     \*

For the reasons stated herein, we DENY Parada-Orellana's petition as to her first issue. We DISMISS her petition for lack of jurisdiction as to her second issue.

PETITION DENIED IN PART; DISMISSED IN PART.