# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2022

Lyle W. Cayce
Clerk

No. 20-60919
Summary Calendar

Magner Nixobel Raymundo Morales,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 862 037

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:

Magner Nixobel Raymundo Morales is a forty-year-old man from Guatemala. Raymundo Morales entered the United States in 1999 under a non-immigrant H-2B visa. The visa expired on July 15, 2000, but Raymundo Morales has remained in the United States throughout the intervening twenty-two years. He now has a teenage son. He sees his son every two to three weeks and regularly talks on the phone with him. Raymundo Morales lives approximately two and a half hours away from him. While there is no

No. 20-60919

legal custody arrangement, Raymundo Morales sends his son between three hundred and four hundred dollars a month for his care.

These proceedings began in 2016 when the Department of Homeland Security filed a notice to appear alleging that Raymundo Morales was removable because he overstayed his visa authorization. Raymundo Morales appeared at his hearing and conceded that the allegations were true. But he asserted a right to asylum, withholding of removal under 8 U.S.C. § 1231(b)(3) and the Convention Against Torture, as well as cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1).

The immigration judge denied Raymundo Morales's petitions.[1] The IJ found that Raymundo Morales could not make the necessary threshold showings for asylum or withholding of removal; Raymundo Morales does not contest these holdings. The IJ also held that Raymundo Morales was not entitled to cancellation of removal, and this finding is the subject of Raymundo Morales's appeal. The IJ evaluated the statutory requirements for cancellation of removal and determined that Raymundo Morales met all but one: exceptional and extremely unusual hardship to qualifying relatives. While the IJ acknowledged that Raymundo Morales's son would bear hardship if his father was deported, the judge concluded that the evidence did not show that this hardship was any greater than that "regularly faced by families having a member removed."

Raymundo Morales avers that the IJ did not apply the proper standard of review in denying his cancellation of removal claim. While our review of orders under 8 U.S.C. § 1229b(b)(1) is limited by 8 U.S.C. § 1252(b),

---

[1] Generally, this court only reviews final decisions of the Board of Immigration Appeals, but here the Board affirmed the immigration judge's decision without an opinion, so we review both. *Parada-Orellana v. Garland*, 21 F.4th 887, 893 (5th Cir. 2022) (citing *Sealed Petitioner v. Sealed Respondent*, 829 F.3d 379, 383 (5th Cir. 2016)).

No. 20-60919

whether the correct legal standard has been applied "is a question of law over which this court has jurisdiction." *Parada-Orellana*, 21 F.4th at 893 (citing *Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010); 8 U.S.C. § 1252(a)(2)(D)). Further, to the extent that Raymundo Morales raises challenges to the factual findings of the immigration court, those too fall within our jurisdiction. *Id*. at 894 (citing *Trejo v. Garland*, 3 F.4th 760 (5th Cir. 2021)). We review questions of law *de novo* and factual findings for substantial evidence. *Trejo*, 3 F.4th at 774.

Raymundo Morales asserts that the IJ applied an "unconscionability" standard rather than the familiar totality of the circumstances "extreme and unusual hardship" standard outlined in 8 U.S.C. § 1229b(b)(1). But Raymundo Morales does "not point to any language in the [IJ's] order that would indicate that the [IJ] applied the *incorrect* standard." *Parada-Orellana*, 21 F.4th at 894. In fact, Raymundo Morales concedes that the standard the IJ stated the immigration court was applying was the proper standard. Instead, Raymundo Morales argues that the IJ did not consider or did not give sufficient weight to certain facts, namely the significantly dangerous conditions in Guatemala and the emotional and psychological peril his deportation posed to his American-citizen son.

Raymond Morales's appeal amounts to a challenge that the IJ's decision was not supported by substantial evidence. But we cannot say that in this case the "evidence compels a contrary result." *Trejo*, 3 F.4th at 774 (internal quotation marks omitted) (quoting *Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 233 (5th Cir. 2009)). The IJ's order specifically considers both the hardship that would be experienced by Raymundo Morales's son and the alleged dangerous conditions awaiting Raymundo Morales in Guatemala. While Raymundo Morales's family will undoubtedly be distraught at his removal and their familial ties will be strained, the evidence in this case does

3

No. 20-60919

not establish that this family "would suffer hardship above and beyond that regularly faced by families who are separated." *Id.* at 765-66.

PETITION DENIED.