# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2022

Lyle W. Cayce
Clerk

No. 20-61213
Summary Calendar

Beatris Adriana Montes Torres,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A216 123 451

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Beatris Adriana Montes Torres, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals's (BIA) decision dismissing her appeal from the denial of her application for cancellation of removal and request for voluntary departure. Montes Torres asserts that the

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61213

BIA erred by affirming the immigration judge's (IJ) finding that she was statutorily ineligible for cancellation of removal; rejecting her claim that the IJ violated her due process rights; and affirming the IJ's discretionary denial of her request for voluntary departure.

"While we typically only review the final decision of the BIA, when the IJ's ruling plays into the BIA's decision, as it does in this case, we review both the IJ's and the BIA's decisions." *Parada-Orellana v. Garland*, 21 F.4th 887, 893 (5th Cir. 2022). "We review questions of law de novo and factual findings for substantial evidence." *Morales v. Garland*, 27 F.4th 370, 372 (5th Cir. 2022) (per curiam). Under the substantial evidence standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

Montes Torres asserts that the BIA erred by affirming the IJ's determination that she was statutorily ineligible for cancellation of removal. Though we generally lack jurisdiction to review the BIA's denial of discretionary relief, e.g., cancellation of removal and voluntary departure, whether an alien is statutorily eligible for relief is a nondiscretionary decision to which § 1252(a)(2)(B)(i)'s jurisdictional bar does not apply. *Trejo v. Garland*, 3 F.4th 760, 773 (5th Cir. 2021). Once eligibility is determined, the "adjudicator's discretion enter[s] the picture." *Id.* Thus, the adjudicator's next determination—"whether to *actually grant* cancellation to a qualifying alien"—is beyond our jurisdiction to review. *Id.*

To be eligible for cancellation of removal, an alien must establish, *inter alia*, "that removal would result in exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). This standard is met only where the "qualifying relative would suffer consequences 'substantially' beyond the ordinary hardship that would be expected when a

2

close family member leaves this country." *Trejo*, 3 F.4th at 775 (quoting *In Re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001)).

Montes Torres argues that the IJ improperly minimized her evidence of hardship, including the role she plays in assisting with her mother's diabetes and osteoporosis, as well as the effect that her removal would have on her parents' diagnosed depression and anxiety. But the IJ did not discount Montes Torres's evidence of hardship. Rather, he found it mitigated by other evidence in the record such as the fact that Montes Torres's parents live with her sister, who is a United States citizen; her sister is her parents' primary caregiver and sponsored them for permanent residence; and Montes Torres has several other siblings living in the same metropolitan area who can provide support to her parents. Despite Montes Torres's assertions to the contrary, the record does not compel a finding that her parents would suffer exceptional and extremely unusual hardship if she were removed. *See Parada-Orellana*, 21 F.4th at 895; *Trejo*, 3 F.4th at 774–75.

Montes Torres's assertion that she was denied due process because the IJ was not impartial, ignored evidence, and incorrectly found that her submitted criminal documents did not accurately represent her criminal history is without merit. Even if Montes Torres could show a due process violation—which the record confirms she cannot—she has failed to establish that she was prejudiced, let alone substantially so, by any of the IJ's complained-of actions. *See Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) (requiring an alien to prove "that the outcome of the proceedings would have been different" absent the alleged violation).

Finally, Montes Torres asks us to review the BIA's affirmance of the IJ's denial of voluntary departure. The IJ denied Montes Torres's "application for post-conclusion voluntary departure . . . as a matter of discretion." Because Montes Torres's request for voluntary departure was

No. 20-61213

denied solely as a matter of discretion, we lack jurisdiction to review that decision. *See Trejo*, 3 F.4th at 773; 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i).

Based on the foregoing, the petition for review is DENIED IN PART and DISMISSED IN PART. The parties' joint motion to dismiss is DENIED AS MOOT.