# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2022

Lyle W. Cayce
Clerk

No. 20-61004

Pedro Lara-Serrano,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 206 238 066

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Pedro Lara-Serrano seeks review of the Board of Immigration Appeals' (BIA) decision to affirm an Immigration Judge's (IJ) denial of his application for cancellation of removal. Lara-Serrano asks this court to grant his petition, reverse the BIA's order, and cancel his removal. Because substantial evidence supports the IJ's decision that Lara-Serrano failed to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61004

establish that his United States-citizen son would face exceptional and extremely unusual hardship if Lara-Serrano were removed, his petition for review is DENIED.

I.

Pedro Lara-Serrano is a native and citizen of Honduras. He entered the United States through Miami, Florida in February 2004 on a nonimmigrant visa with authorization to stay in the United States until January 8, 2005. Lara-Serrano never left. He remained in the United States relatively unnoticed until he was convicted for Driving While Intoxicated on June 26, 2013, in Jefferson Parrish, Louisiana. On March 17, 2016, the Department of Homeland Security served Lara-Serrano with a Notice to Appear (NTA), charging him with removability under the Immigration and Naturalization Act (INA) § 237(a)(1)(B). On November 16, 2016, Lara-Serrano appeared before the IJ—with counsel—and admitted to the allegations in the NTA. Although Lara-Serrano conceded the charge of removability, he applied for a cancellation of removal under INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).

At the merits hearing for his cancellation of removal application, Lara-Serrano testified as to various factors warranting cancellation of his removal. Lara-Serrano testified that he had not been back to Honduras since entering the United States fourteen years prior. He also testified that if he was forced to go back to Honduras, he would have to sell his home in Louisiana and take his wife and three-year old United States-citizen son with him. He further testified that his son was currently not in school, only spoke English, and was allergic to the sun and mosquito bites. According to Lara-Serrano, the sun allergy would cause his son's face to swell and a rash or hives to appear on his body—prompting Lara-Serrano to take him to the emergency room. However, his son was not diagnosed with a specific disease or prescribed any

medications for his allergies, and his symptoms would dissipate indoors under air conditioning. In addition, Lara-Serrano testified that: there were reduced job and income opportunities in Honduras; his son would suffer hardship in lower-quality Honduran schools because he does not speak Spanish; his son would also suffer heat rashes because Honduras is "two times" hotter than New Orleans; air conditioning is expensive in Honduras; and his son would lose his Medicare coverage.

After hearing Lara-Serrano's testimony and reviewing the admitted evidence, the IJ found that Lara-Serrano had satisfied three of the four prongs required for a cancellation of removal: (1) he had a continuous physical presence in the United States for at least ten years prior to the NTA; (2) he was statutorily eligible for relief; and (3) he established ten years of good moral character. However, the IJ found that Lara-Serrano did not satisfy the fourth prong: that removal would cause an "exceptional and extremely unusual hardship to qualifying relatives."

The IJ found Lara-Serrano credible but determined that he had "not established exceptional and extremely unusual hardship 'substantially beyond' that ordinarily associated with a person's ordered departure from the United States." Specifically, the IJ found that Lara-Serrano's testimony centered on the financial hardships, reduced income, and decreased opportunities that would come from his removal, and those factors alone were insufficient to meet the "exceptional and extremely unusual hardship" standard. The IJ further held that, based on the evidence presented, both Lara-Serrano and his son were in good health, with the exception of his son's allergy related rash, and the types of hardships demonstrated were to be expected of aliens subject to removal.

On appeal, the BIA adopted and affirmed the IJ's decision, determining that there was no clear error in the IJ's findings of fact related to

the hardship analysis.  The BIA further declined to re-open Lara-Serrano's case, as additional evidence he sought to introduce was not new and material.  Ultimately, the BIA dismissed the appeal, noting that the record did not indicate that the anticipated hardship to Lara-Serrano's son was "'exceptional and extremely unusual' in the sense intended by Congress." Lara-Serrano timely petitioned for review from this court.

## II.

Generally, the court only reviews the BIA's final decision, but we review the decisions of both the BIA and the IJ when, as in this case, the IJ's findings play into the BIA decision.  *Sealed Petitioner v. Sealed Respondent*, 829 F.3d 379, 383 (5th Cir. 2016).  While our review of orders under 8 U.S.C. § 1229b(b)(1) is limited by 8 U.S.C. § 1252(b), challenges to the factual findings made by the immigration court related to an application for cancellation of removal fall within our jurisdiction.  *Parada-Orellana v. Garland*, 21 F.4th 887, 894 (5th Cir. 2022) (citing *Trejo v. Garland*, 3 F.4th 760 (5th Cir. 2021)).  We review questions of law *de novo* and findings of fact for substantial evidence.  *Trejo*, 3 F.4th at 774.  Under the substantial evidence standard, we only reverse "when the evidence compels a contrary result."  *Id.* (quoting *Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 233 (5th Cir. 2009)).  Further, Lara-Serrano has the burden to establish his eligibility for cancellation of removal.  *Monteon-Camargo v. Barr*, 918 F.3d 423, 428 (5th Cir. 2019), *as revised* (Apr. 26, 2019).

Lara-Serrano asserts that both the IJ's and BIA's determination that he failed to demonstrate his removal would result in exceptional and extremely unusual hardship to his son was incorrect.  Specifically, Lara-Serrano alleges that: given the testimony and facts regarding his son's medical condition, when properly viewed in the aggregate, those factors would negatively impact his son's health condition; he submitted sufficient

No. 20-61004

evidence to meet his burden; the IJ took a "simplistic view" of his son's medical condition; and the BIA "replicated the IJ's mistake" by giving too little consideration to his son's allergic condition.[1] Simply put, Lara-Serrano contends that the IJ and BIA did not give sufficient weight to certain facts, and therefore those decisions were not supported by substantial evidence. We disagree.

To be eligible for a cancellation of removal, "an alien must," among other things, "demonstrate a truly exceptional situation in which a qualifying relative would suffer consequences substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *Trejo*, 3 F.4th at 775 (quotations omitted). The IJ found Lara-Serrano to be a credible witness that "testified candidly and openly, in a manner consistent with the documentary evidence." It was this credible evidence that served as the basis for the IJ's decision and ultimately the BIA's affirmance.

The evidence presented by Lara-Serrano does not rise to the level of a "truly exceptional" situation. *Id.* Nor can we say that in this case the "evidence compels a contrary result." *Id.* at 774 (quotation omitted). The record properly reflects treatment of non-emergency medical issues for Lara-Serrano's son. Further, Lara-Serrano testified that his son was neither diagnosed with a specific medical condition nor prescribed any medication for his allergies. No documentation of his son's allergic conditions was ever submitted to the immigration court. Lara-Serrano's testimony established that the basis of his son's allergic condition was one doctor's visit for a

---

[1] The government does not raise any counterarguments as to the merits of Lara-Serrano's claim, but only asserts that our court does not have jurisdiction to consider this matter. However, because Lara-Serrano holds the burden to establish his eligibility for cancellation of removal, the government's lack of counterargument is not dispositive.

No. 20-61004

swollen face and rash, where he was told that the sun was the likely cause. In addition, Lara-Serrano testified that the symptoms of this sun allergy dissipate if his son is under air conditioning. Although Lara-Serrano testified that acquiring an air conditioning unit in Honduras may be expensive, no evidence was presented showing that an air conditioning unit would be unobtainable.

There is no doubt that Lara-Serrano's son will suffer hardship on some level as a result of his removal. However, the credible evidence established in this case does not support a finding that his family "would suffer hardship above and beyond that regularly faced" when a family member is removed. *Id.* at 765–66. Thus, the IJ and BIA correctly determined that Lara-Serrano failed to meet his burden to establish his eligibility for cancellation of removal.

III.

For the foregoing reasons, Pedro Lara-Serrano's petition for review is DENIED.