# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2022

Lyle W. Cayce
Clerk

No. 22-60155
Summary Calendar

CARLA PATRICIA BANEGAS; RIXI ELIZABETH VALDEZ-BANEGAS,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 302 484
Agency No. A209 302 485

---

Before JOLLY, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Carla Patricia Banegas, a native and citizen of Honduras, entered the United States illegally with her daughter Rixi in 2016. She petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal and affirming the immigration judge's (IJ's) denial of asylum,

---

* This opinion is not designated for publication. *See* 5TH CIRCUIT RULE 47.5.

withholding of removal, and protection under the Convention Against Torture (CAT).

On review of an order of the BIA, this court examines "the BIA's decision and only consider[s] the IJ's decision to the extent that it influenced the BIA." *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Because the BIA agreed with the IJ's analysis and conclusions, this court reviews both decisions. *See id.*

We review the BIA's factual findings for substantial evidence, and we will not reverse such findings unless the petitioner shows that "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009). Among the findings that this court reviews for substantial evidence are the factual conclusions that an alien is not eligible for asylum, withholding of removal, or relief under the CAT. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Banegas argues that she is entitled to asylum and withholding of removal because she has demonstrated past persecution and a well-founded fear of future persecution based on a protected ground. Her counseled brief does not, however, adequately address the BIA's sole reason for denying her asylum claim (i.e., her failure to show that the Honduran government would be unable or unwilling to protect her from harm).

Because Banegas fails to meaningfully address the BIA's basis for denying her application for asylum, she has abandoned the issue for failure to adequately brief it. *See Parada-Orellana v. Garland*, 21 F.4th 887, 892 (5th Cir. 2022).

Banegas argues that she is eligible for CAT relief because the government in Honduras will acquiesce in her torture by the gang member who sexually assaulted her daughter. Though Banegas complains that the police in Honduras "were of no help and basically did nothing" after her

daughter was sexually assaulted, her own testimony contradicts this statement. Before the IJ, Banegas testified that she was able to report her daughter's sexual assault to the police. The police took the report and sent Rixi to be evaluated by a forensic doctor. The police also searched for Rixi's attacker. Further, when Banegas asked the police to drop the charges after receiving death threats from her daughter's attacker, the police refused, stating that it was their responsibility to proceed with the investigation of the case.

Though the police were unable to apprehend her daughter's attacker, this is insufficient to show that the government would acquiesce in Banegas's torture if she were removed to Honduras. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 229 (5th Cir. 2019); *see also Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006). The BIA reasonably found that Banegas was not entitled to CAT protection because she had failed to show that the Honduran government would acquiesce in her torture. *See Wang*, 569 F.3d at 537.

The petition for review is DENIED.