# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 12, 2024

Lyle W. Cayce
Clerk

_____

No. 23-60510
Summary Calendar

_____

Haralambos Panagiotis Karvounis,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A030 867 122

_____

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Haralambos Panagiotis Karvounis, a native and citizen of Greece, petitions this court for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his immigration proceedings for the purpose of seeking cancellation of removal under 8 U.S.C. § 1229b(a). He presents three issues for the court's review: (1) whether the BIA engaged

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

in impermissible factfinding; (2) whether the BIA categorically held that time spent outside of the United States and abandonment of lawful permanent residence (LPR) status were significant negative equities, contrary to law; and (3) whether the BIA failed to apply the proper standard of review and consider that DHS had already "stipulated to discretion."

Because Karvounis sought discretionary relief and was previously convicted of possession of cocaine, our jurisdiction is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (iv) & (C); *see also Perez v. Garland*, 67 F.4th 254, 257-58 (5th Cir. 2023); *Diaz v. Sessions*, 894 F.3d 222, 227 (5th Cir. 2018). Accordingly, we cannot review the BIA's pure factual findings or discretionary determinations. *See Patel v. Garland*, 596 U.S. 328, 337-39(2022); *Nastase v. Barr*, 964 F.3d 313, 319-20 (5th Cir. 2020). Moreover, a petitioner "may not—merely by "phras[ing] his argument in legal terms"—"use[ ] those terms to cloak a request for review of the BIA's discretionary decision, which is not a question of law." *Nastase*, 964 F.3d at 319 (internal quotation marks and citation omitted). We review de novo the issue of whether we have jurisdiction to consider the BIA's decision, as well as issues concerning constitutional claims and questions of law. *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013).

Whether the BIA failed to abide by its own regulations presents an issue of law and is therefore reviewable. *See Jean v. Gonzales*, 452 F.3d 392, 395–96 (5th Cir. 2006). We have held that 8 U.S.C. § 1003.1(d)(3) applies only to the BIA's disposition of appeals and not to motions to reopen filed with the BIA, which must state "the new facts that [would] be proven at a hearing to be held if the motion is granted." 8 U.S.C. § 1003.2(c)(1); *see Mata v. Sessions*, 678 F. App'x 198, 200 (5th Cir. 2017); *de Lezama v. Holder*, 577 F. App'x 314, 314-15 (5th Cir. 2014). Although *Mata* and *de Lezama* are unpublished, they are persuasive. *See Ballard v. Burton*, 444 F.3d 391, 401 &

n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4). Karvounis's argument that the BIA applied a categorical determination that (1) the time he spent outside the United States and (2) his abandonment of LPR status constituted significant negative equities, which contravened its legal obligation to decide his case individually is reviewable, *see* § 1252(a)(2)(D), but the BIA's opinion demonstrates that it considered his individual circumstances.

Whether the BIA erred as a matter of law by requiring him to satisfy a higher standard than demonstrating a "'reasonable likelihood' that the relief sought would be granted at the reopened hearing," *Matter of S- V-*, 22 I. & N. Dec. 1306 (BIA 2000), also is reviewable. *See Morales v. Garland*, 27 F.4th 370, 371-72 (5th Cir. 2022); *Parada-Orellano v. Garland*, 21 F.4th 887, 893-944 (5th Cir. 2022). This court may make reasonable inferences as to the bases for the BIA's judgments. *See Manzano-Garcia v. Gonzales*, 413 F.3d 462, 468 (5th Cir. 2005).

As in *Parada-Orellana*, 21 F.4th at 894, Karvounis cites no language suggesting that the BIA failed to apply the proper standard. Further, the BIA cited *Matter of C- V- T-*, 22 I. & N. Dec. 7, 11 (BIA 1998), which set forth the applicable analysis, and *Parada-Orellana*, 21 F.4th at 894, which set forth the reasonable probability standard and held that the BIA need not expound on the proper standard. Moreover, we have long recognized that the reasonable probability standard is subsumed in the prima facie standard. *See Marcello v. I.N.S.*, 694 F.2d 1033, 1035 (5th Cir. 1983). Finally, the Respondent did not stipulate that Karvounis was entitled to cancellation of removal as a matter of discretion. We therefore reasonably infer that the BIA applied the correct standard, notwithstanding the brevity of its opinion. *See Manzano-Garcia*, 413 F.3d at 468; *see also Park v. Garland*, 72 F.4th 965, 977 (5th Cir. 2023).

Karvounis also proffers several subsidiary arguments that amount to mere disagreements with the BIA's factual findings and discretionary

determinations.  They are clearly unreviewable and must be dismissed.  *See Nastase*, 964 F.3d at 319-20; *see also Tibakweitra v. Wilkinson*, 986 F.3d 905, 910-11 (5th Cir. 2021).  Finally, we decline to consider his arguments raised for the first time in his reply brief and in footnotes.  *See Smith v. Sch. Bd. of Concordia Par.*, 88 F.4th 588, 596 n.32 (5th Cir. 2023); *United States v. Peterson*, 977 F.3d 381, 394 n.5 (5th Cir. 2020).

Accordingly, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.