# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2024

Lyle W. Cayce
Clerk

No. 24-60103
Summary Calendar

_____

Garik Voskanyan,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A079 579 095

_____

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.
Per Curiam:[*]

Garik Voskanyan, a native of Uzbekistan and a citizen of Armenia, petitions this court for review of the Board of Immigration Appeals' (BIA) decision denying his motions for reconsideration and reopening. In his motions, Voskanyan generally argued that his conviction for federal bank fraud did not qualify as an aggravated felony and he qualified for a waiver of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

inadmissibility under 8 U.S.C. § 1182(h). He also requested a remand for adjudication of his request for a waiver.

To the extent that Voskanyan seeks to challenge the dismissal of his appeal from the immigration judge's denial of his application for relief from removal and the BIA's denial of a remand, we lack jurisdiction to consider those issues because he failed to file a timely petition for review from the dismissal of his appeal. *See Kane v. Holder*, 581 F.3d 231, 237 n.14 (5th Cir. 2009); 8 U.S.C. § 1252(b)(6). Also, the Respondent correctly argues that Voskanyan did not raise his arguments regarding the presentence report and sentencing memorandum in his motions. Accordingly, we do not consider them. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 694 (5th Cir. 2023 *Carreon v. Garland*, 71 F.4th 247, 257 & n.11 (5th Cir. 2023).

Motions for reconsideration and reopening are "particularly disfavored." *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 n.3 (5th Cir. 2021). Consequently, this court reviews the BIA's denial of such motions "under a highly deferential abuse-of-discretion standard." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006). Under this standard, this court will affirm unless the agency's decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Nguhlefeh Njilefac*, 992 F.3d at 365 (internal quotation marks and citation omitted).

We have jurisdiction to address constitutional claims and questions of law, *see* § 1252(a)(2)(D), including mixed questions of law and fact, *see Guerrero-Lasprillo v. Barr*, 589 U.S. 221, 228, 230 (2020). We review de novo whether we have jurisdiction to review the decision of the BIA, as well as issues concerning constitutional claims and questions of law, including whether an alien has been convicted of an aggravated felony. *Fosu v. Garland*,

36 F.4th 634, 636-37 (5th Cir. 2022); *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013).

In denying Voskanyan's motion for reconsideration, the BIA cited *Matter of O-S-G-*, 24 I. & N. Dec. 56 (BIA 2006). In that decision, the BIA explained its view that "[a] motion to reconsider is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Id.* at 57 (internal quotation marks and citation omitted). It further explained that a motion to reconsider "is not a process by which a party may submit, in essence, the same brief presented on appeal" or "seek reconsideration by generally alleging error in the prior Board decision." *Id.* at 58.

The Board's decision here was consistent with the principles it outlined in *Matter of O-S-G-*, 24 I. & N. Dec. at 57-58. Voskanyan has not shown that the decision was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it [was] arbitrary rather than the result of any perceptible rational approach." *Nguhlefeh Njilefac*, 992 F.3d at 365 (internal quotation marks and citation omitted).

A motion to reopen may be denied if the movant fails to make a prima facie showing of eligibility for the relief sought or fails to show entitlement to discretionary relief. *Parada-Orellana v. Garland*, 21 F.4th 887, 893 (5th Cir. 2022) (citing *INS v. Abudu*, 485 U.S. 94, 104-05 (1988)). An alien will not receive an adjustment of status absent a favorable exercise of discretion. § 1255(a); *see Patel v. Garland*, 596 U.S. 328, 332 (2022). Moreover, if the BIA "decides that denial would be appropriate regardless of eligibility, the [BIA] need not address eligibility at all." *Patel*, 596 U.S. at 332.

In denying his motion to reopen, the BIA pretermitted the issue of Voskanyan's eligibility for a § 212(h) waiver, and found that, based on its review of his motion and supporting evidence, he "ha[d] not demonstrated

that--or, indeed, articulated why--he warrant[ed] a waiver of inadmissibility as a matter of discretion, particularly in light of the seriousness of his underlying criminal conviction." We lack jurisdiction to review that decision. *See Parada-Orellana*, 21 F.4th at 893; *Santoya Lara v. Garland*, No. 23-60551, 2024 WL 3903376, 1 (5th Cir. Aug. 22, 2024) (unpublished).[1]

Accordingly, the petition for review is DENIED in part and DISMISSED in part.

---

[1] Although an unpublished opinion issued on or after January 1, 1996, is not controlling precedent, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).