# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2025

Lyle W. Cayce
Clerk

No. 24-60326
Summary Calendar

_____

Alejandro Mejia-Andrade,

*Petitioner*,

*versus*

James R. McHenry, III, *Acting U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 240 187

_____

Before Barksdale, Stewart, and Ramirez, *Circuit Judges.*

Per Curiam:[*]

Alejandro Mejia-Andrade, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion for remand. The motion sought remand to the immigration judge (IJ) for consideration of newly-available evidence relating to Mejia's application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). (Mejia does not brief,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

and therefore abandons, any challenge to the BIA's upholding the IJ's hardship determination and denial of cancellation of removal. *E.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (treating unbriefed issues as abandoned).)

Our court reviews the BIA's denial of a motion to remand "under a highly deferential abuse-of-discretion standard". *Suate-Orellana v. Barr*, 979 F.3d 1056, 1062 (5th Cir. 2020) (citation omitted). This standard requires a ruling to stand "unless it is capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Id.* (citation omitted). "A motion to remand for new evidence shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Id.* (citation omitted). "When determining materiality, the Board should consider whether the new evidence would likely change the result in the case." *Id.*

To be eligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1), Mejia must show, *inter alia*, that his removal from the United States "would result in exceptional and extremely unusual hardship to" a qualifying relative, including a United States citizen child. 8 U.S.C. § 1229b(b)(1)(D). The motion to remand was based on evidence relating to a new diagnosis that Mejia's son, the qualifying relative underlying his cancellation-of-removal claim, suffered from attention deficit hyperactivity disorder and separation anxiety disorder.

In denying remand, the BIA concluded that the newly-available evidence still would not establish the requisite hardship and therefore likely would not change the result of the case. *See Matter of J-J-G-*, 27 I. & N. Dec. 808, 811 (BIA 2020) (holding applicant claiming qualifying relative would

suffer requisite hardship must show, if the relative is accompanying applicant to the country of removal, "that adequate medical care for the claimed condition is not reasonably available in that country"); *Parada-Orellana v. Garland*, 21 F.4th 887, 895 (5th Cir. 2022) (ability to meet qualifying relative's health needs, despite the applicant's removal, was a factor supporting agency determination that applicant failed to make requisite showing of hardship).

Mejia testified he would take his son with him to Mexico upon removal. The BIA concluded Mejia failed to show that adequate medical care for his son's conditions would not be reasonably available in Mexico. Additionally, the BIA reasoned that Mejia did not provide evidence that his son required or received special education services in school. Accordingly, there was no abuse of discretion. *See Suate-Orellana*, 979 F.3d at 1062.

DENIED.