# United States Court of Appeals for the Fifth Circuit

_____

No. 25-60470
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2026

Lyle W. Cayce
Clerk

Gleibys Segura,

*Petitioner*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
the Board of Immigration Appeals
Agency No. A206 142 362

_____

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Gleibys Segura, a native and citizen of Guatemala, petitions for review of a decision of the Board of Immigration Appeals reversing a decision by an immigration judge that granted Segura a waiver of inadmissibility and adjustment of status. In her opening brief, Segura challenges the BIA's determination that she did not merit the waiver or adjustment of status as a

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

matter of discretion on the grounds that her criminal history outweighed her positive equities. The Respondent moves to dismiss the petition for review for lack of jurisdiction, asserting that the BIA's discretionary denial of relief is unreviewable under 8 U.S.C. § 1252(a)(2)(B) and that Segura fails to identify a legal or constitutional claim that otherwise would be reviewable under 8 U.S.C. § 1252(a)(2)(D).

The jurisdiction-stripping provision of § 1252(a)(2)(B) applies here. *See Parada-Orellana v. Garland*, 21 F.4th 887, 893 (5th Cir. 2022). This court lacks jurisdiction to review "any judgment regarding the granting of" discretionary relief. 8 U.S.C. § 1252(a)(2)(B)(i). Segura's argument—that the BIA erred by not properly considering her favorable considerations and focusing on the negative factors in her case—is a challenge to a discretionary decision, not a legal or a constitutional argument. *Carreon v. Garland*, 71 F.4th 247, 254–55 (5th Cir. 2023).

Segura argues for the first time in reply that she has raised two legal issues: that the BIA applied an incorrect standard of review, and that its decision was arbitrary and capricious under the Administrative Procedure Act (APA).

Although we have discretion to consider arguments that have not been raised in an appellant's opening brief, *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009), Segura's arguments are meritless. Relying on the correct standard of review announced in *Matter of Arai*, 1 I. & N. Dec. 494 (BIA 1970), the BIA properly recognized that Segura bore the burden of demonstrating unusual or outstanding equities that offset her criminal history. *See also Patel v. Garland*, 596 U.S. 328, 345 (2022) ("[A]n applicant bears the burden of establishing eligibility for discretionary relief."). Further, the APA does not apply to the BIA's individual proceedings under the

No. 25-60470

Immigration and Nationality Act. *See Ardestani v. INS*, 502 U.S. 129, 133 (1991).

Respondent's motion to dismiss is GRANTED to the extent that Segura's petition seeks review of the BIA's determination that she did not merit a waiver of inadmissibility and adjustment of status as a matter of discretion, and that portion of the petition for review is DISMISSED for want of jurisdiction. The petition for review is DENIED to the extent that it argues that Segura has presented a legal or constitutional issue under § 1252(a)(2)(D) for this court's review.