IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2008

Charles R. Fulbruge III
Clerk

No. 06-60974
Summary Calendar

VICTOR OMOZEE

Petitioner

V.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 826 840

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Victor Omozee, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' (BIA's) decision denying his motion for reconsideration of the BIA's earlier denial of his motion to reopen his removal proceedings. To the extent that Omozee seeks reversal of the BIA's decision of July 2006 denying his motion to reopen the removal proceedings, we dismiss his petition for lack of jurisdiction. The denial of a motion to reopen removal proceedings is construed as a final order of removal for purposes of an appellate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's jurisdiction. Giova v. Rosenberg, 379 U.S. 18 (1964). A petition for review must be filed not later than 30 days after the date of a final order of removal. 8 U.S.C. § 1252(b)(1). A deportation or removal order is final and reviewable when issued. Stone v. INS, 514 U.S. 386, 405 (1995). The period for filing a petition for review is mandatory and jurisdictional and not subject to tolling by a motion for reconsideration. Id. Omozee did not seek any type of relief in this court until September 29, 2006, which was more than 30 days after the denial of his motion to reopen.

We do, however, have authority to review the denial of Omozee's motion for reconsideration under a "highly deferential abuse of discretion standard." Zhao v. Gonzales, 404 F.3d 295, 302-03 (5th Cir. 2005). Under this standard, even an erroneous decision can stand if "it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." Id. at 304. The BIA's decision on Omozee's reconsideration motion easily meets this standard. A motion for reconsideration must specify the errors of fact or law in the prior decision. 8 C.F.R. § 1003.2(b)(1). Omozee's motion failed to specify any errors of fact or law in the decision denying reopening. Omozee merely recycled the legal arguments he had presented earlier. Additionally, we cannot fault the BIA's other reason for denying reconsideration as a matter of its discretion based on Omozee's lack of forthrightness during his removal proceedings.

We also reject Omozee's contention that the BIA violated his due process rights by deciding his case without oral argument. In his notice of appeal to the BIA, Omozee checked the "no" box when asked if he desired oral argument.

PETITION DISMISSED IN PART AND DENIED IN PART.