# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10559
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN KANE CROUCH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:14-CR-75-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Steven Kane Crouch pleaded guilty to one count of being a felon in possession of a firearm and aiding and abetting in violation of 18 U.S.C. §§ 922(g)(1), 2. He admitted in the factual basis for his guilty plea that he possessed the firearm and ammunition, that he had previously been convicted of a felony, and that, "before [he] possessed them, the firearm and ammunition had moved in or affected interstate or foreign commerce." Crouch did not admit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to knowing that he was a felon or that the firearm and ammunition had moved in or affected interstate commerce, and he now argues that the absence of such admissions fatally undermines the factual basis for his plea.  He also challenges the constitutionality of § 922(g) on its face and as it applies to him.

Section § 924(a)(2) penalizes a person who "knowingly violates" § 922(g). Section 922(g)(1) prohibits a felon from receiving, transporting, and possessing in or affecting interstate or foreign commerce any firearm or ammunition. Crouch contends that § 924(a)(2) "houses the *mens rea* element," for an offense under § 922(g), which requires proof of his knowledge as to each element of the offense.  He recognizes that this argument has been rejected many times but contends that the issue should be revisited in light of the Supreme Court's recent decision in *McFadden v. United States*, 135 S. Ct. 2298 (June 18, 2015). He claims that the factual basis for his plea was inadequate under Federal Rule of Criminal Procedure 11(b)(3) because he neither admitted that he knew he was a felon or that he knew the firearm and ammunition had an interstate nexus.

"Rule 11(b)(3) requires a district court taking a guilty plea to make certain that the *factual* conduct admitted by the defendant is sufficient as a *matter of law* to establish a violation of the statute to which he entered his plea."  *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010) (footnote omitted).  As Crouch concedes, plain error review applies to his forfeited objection to the factual sufficiency of his plea. *See id.*  To establish plain error, he must show a forfeited error that is clear or obvious that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

No. 15-10559

We have "held that a conviction under § 922(g)(1) requires proof that the defendant knew that he had received (or possessed or transported) a firearm but does not require proof that he knew that the firearm had an interstate nexus or that he was a felon." *United States v. Schmidt*, 487 F.3d 253, 254 (5th Cir. 2007) (citing *United States v. Dancy*, 861 F.2d 77, 81-82 (5th Cir. 1988)). We have also held that it is sufficient to prove a past connection between the firearm and interstate commerce. *See United States v. Rawls*, 85 F.3d 240, 243 (5th Cir. 1996) (proving that a firearm was manufactured in Massachusetts means that its "presence in Texas had to result from transport in interstate commerce"). The Supreme Court's decision in *McFadden* did not abrogate these holdings. Accordingly, the district court's finding of an adequate factual basis for Crouch's guilty plea was not a clear or obvious error. *See Puckett*, 556 U.S. at 135.

Crouch also contends that we should revisit the constitutionality of § 922(g) in light of the Supreme Court's recent treatment of the Commerce Clause in *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566 (2012) (*NFIB*), which he contends "overrules the long-standing notion that a firearm which has previously and remotely passed through interstate commerce should be considered to indefinitely affect commerce." He further challenges § 922(g) as applied to him because "[t]he language and reasoning of *NFIB* overwhelmingly support the notion that Congress may only regulate ongoing economic activity," but there were no allegations or factual admissions that he possessed the firearm and ammunition while involved in ongoing economic activity. Crouch acknowledges, however, that we have previously rejected his contentions based on *NFIB*, but he raises the issues to preserve them for further review by the Supreme Court. *See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).

3

No. 15-10559

Accordingly, the judgment of the district court is AFFIRMED. The government's motions for summary affirmance and, in the alternative, for an extension of time to file an appellate brief are DENIED.