# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60698
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2016

Lyle W. Cayce
Clerk

OBINNA IKENNA EZEOKOLI,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 036 429

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Obinna Ikenna Ezeokoli, a citizen and native of Nigeria, petitions this court for review of the order of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings to seek adjustment of status under the Violence Against Women Act (VAWA). Ezeokoli argues that the BIA erred by dismissing his motion to reopen as untimely. He maintains that the one-year statute of limitations applied by the BIA does not apply to him

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because he was physically present in the United States at the time of the filing of the motion to reopen and has been in the United States continuously since 2007. He asserts that the one-year statute of limitations does not apply to him pursuant to 8 U.S.C. § 1229a(c)(7)(A) because he was in removal proceedings and the motion to reopen was for adjustment of status under the VAWA.

In reviewing the BIA's "denial of a motion to reopen, this court applies a highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The BIA does not abuse its discretion in denying a motion to reopen if the denial "is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.*

The normal 90-day time period for filing a motion to reopen does not apply to a battered spouse seeking relief under the VAWA if, and only if, all four of the conditions listed in the statute are met. *See* § 1229a(c)(7)(C)(iv). Thus, while Ezeokoli was physically present in the United States at the time of the filing of the motion to reopen and this is one of the required conditions for the suspension of the normal 90-day limitations period for filing a motion to reopen, *see* § 1229a(c)(7)(C)(iv)(IV), Ezeokoli's motion to reopen was still untimely because he did not file it within one year of the entry of the final order of removal. *See* § 1229a(c)(7)(C)(iv)(III). Ezeokoli's reliance on § 1229a(c)(7)(A) is misplaced because that provision concerns the numerical limitation on motions to reopen, and it does not concern the time limitations for motions to reopen. *See* § 1229a(c)(7)(A). As Ezeokoli's motion to reopen was not filed within one year of the entry of the final order of removal, the BIA correctly determined that it was untimely, and Ezeokoli could only obtain relief if the BIA waived the time limitation because he showed extraordinary circumstances or extreme hardship to his child. *See* § 1229a(c)(7)(C)(iv)(III).

No. 14-60698

Ezeokoli argues that the BIA abused its discretion by ruling that he had not shown extraordinary circumstances justifying the waiver of the limitations period. He maintains that he was not able to file his motion to reopen within one year of the entry of the final order of removal because he did not file his I-360 petition under the VAWA within one year of the final entry of removal. He contends that the BIA has not updated its regulations since the passage of the VAWA and regularly fails to consider the special circumstances surrounding petitions under the VAWA. According to Ezeokoli, the mistreatment and battering he received at the hands of his wife constituted extraordinary circumstances justifying the waiver of the limitations period.

We do not have jurisdiction to review a decision of the BIA in a removal proceeding, except for an asylum ruling, "which is specified under [the relevant subchapter at issue in this case] to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). We retain jurisdiction to consider "constitutional claims or questions of law." § 1252(a)(2)(D).

The statutory provision at issue here specifies that the time limitation may be waived "in the Attorney General's discretion." § 1229a(c)(7)(C)(iv)(III). Thus, the ruling that Ezeokoli is seeking to challenge is a discretionary determination that we do not have jurisdiction to consider. *See* § 1252(a)(2)(B)(ii); *Kucana v. Holder*, 558 U.S. 233, 237 (2010); *Joseph v. Lynch*, 793 F.3d 739, 741 (7th Cir. 2015). We do not have jurisdiction under § 1252(a)(2)(D) because Ezeokoli does not raise any constitutional claims or questions of law. Accordingly, this portion of Ezeokoli's petition for review is dismissed. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008).

PETITION FOR REVIEW DENIED IN PART, DISMISSED IN PART.