# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2022

Lyle W. Cayce
Clerk

No. 20-60911

Fredy Leo Pena-Lopez,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 404 574

Before Richman, *Chief Judge*, and Costa and Ho, *Circuit Judges*.
Priscilla Richman, *Chief Judge*:

Fredy Leo Pena-Lopez (Pena-Lopez) was ordered removed in absentia in 2004. He remained in the United States, and in 2019, he filed a motion to reopen under a special rule for battered spouses.[1] Because the BIA did not abuse its discretion in concluding that Pena-Lopez had failed to show extreme hardship or extraordinary circumstances, we deny his petition for review.

---

[1] 8 U.S.C. § 1229a(c)(7)(C)(iv)(III).

No. 20-60911

# I

Fredy Leo Pena-Lopez, a native and citizen of El Salvador, was personally served with a notice to appear charging him with removability because he entered the United States in September 2004 without being admitted or paroled. Pena-Lopez failed to appear for his immigration hearing, and he was ordered removed in absentia later that year.

In 2012, Pena-Lopez married Ingrid Roxana Rivas, a United States citizen. Rivas then filed an I-130 Alien Relative Petition on Pena-Lopez's behalf, and Pena-Lopez moved to reopen his immigration proceedings and to have the in-absentia removal order rescinded, alleging that he had never received notice of the removal hearing. The immigration judge (IJ) denied that motion to reopen. The BIA dismissed Pena-Lopez's appeal. Pena-Lopez later filed a second motion to reopen based on the Supreme Court's decision in *Pereira v. Sessions*,[2] which was also denied. Pena-Lopez did not petition for review of any of these decisions by the BIA. They are not at issue.

In 2019, Pena-Lopez filed the instant motion to reopen—his third—with the BIA pursuant to 8 U.S.C. § 1229a(c)(7)(C)(iv), which sets forth a special rule for motions to reopen filed by battered spouses, children, and parents. He alleged that Rivas used her ability to file I-130 petitions for him and his two sons as a means to oppress and control him. After Pena-Lopez's sons arrived in this country, Rivas allegedly mistreated the boys and would insult Pena-Lopez in front of them. "[O]n occasion," Rivas was also "physically violent" toward Pena-Lopez. Rivas eventually issued an ultimatum, giving Pena-Lopez and his sons six months to move out or begin paying rent; she allowed them to take only their clothing from the home. These facts prompted Pena-Lopez to move to reopen his immigration

---

[2] 138 S. Ct. 2105 (2018).

No. 20-60911

proceedings in order to pursue cancellation of removal under 8 U.S.C. § 1229b(b)(2)(A)(i)(I), a form of relief provided by the Violence Against Women Act (VAWA).[3]

Generally, an alien is entitled to file one motion to reopen, which must be filed within ninety days of the entry of a final order of removal.[4] However, when the motion to reopen is filed for the purpose of pursuing special-rule cancellation of removal under VAWA, the normal time and number limitations do not apply if certain requirements are met.[5] The pertinent requirement for purposes of this petition is that the motion to reopen must be filed within one year of the entry of the final removal order.[6] If that deadline is not met, the statute dedicates to the Attorney General discretion whether to "waive this [one-year] time limitation in the case of an alien who demonstrates extraordinary circumstances or extreme hardship to the alien's child."[7]

Pena-Lopez conceded that his motion to reopen was untimely because it was filed after the one-year period had already passed. He argued, though, that the psychological abuse inflicted upon him by Rivas was an extraordinary circumstance that warranted a waiver of the one-year filing deadline. Pena-Lopez also argued that his sons would experience hardship if he were removed to El Salvador because they would not be able to support themselves in the United States without his "material and paternal support."

---

[3] Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat. 1796, 1902.

[4] 8 U.S.C. § 1229a(c)(7)(A), (C)(i).

[5] *Id.* at § 1229a(c)(7)(A), (C)(iv).

[6] *Id.* at § 1229a(c)(7)(C)(iv)(III).

[7] *Id.*; *see also Kucana v. Holder*, 558 U.S. 233, 243 (2010).

Therefore, Pena-Lopez argued, his sons would be forced to return with him to El Salvador, where they were "destined to be subjected to extreme poverty and criminal violence."

The BIA denied the motion to reopen. The BIA determined that Pena-Lopez's motion was number barred because it was his third and that the motion was untimely because it was filed beyond the one-year filing deadline.

The BIA then considered its statutory ability to waive the one-year filing deadline for the motion to reopen. The BIA found that the abuse Pena-Lopez received from Rivas did "not qualify as an 'extraordinary circumstance' warranting a waiver" of the filing deadline, explaining that the abuse described by Pena-Lopez was "the type of abuse that would ordinarily be associated with an application for VAWA cancellation of removal." With respect to extreme hardship, the BIA found that the hardship that Pena-Lopez argued his sons would suffer if he were removed to El Salvador did "not qualify as 'extreme hardship,' but rather the type of hardship that would ordinarily be expected when a close family member is removed from the United States to another country." In a footnote, the BIA observed that the older of Pena-Lopez's two sons in the United States was twenty years old and could assist Pena-Lopez in providing for their family. The BIA determined that Pena-Lopez did not make the necessary demonstration of extreme hardship or extraordinary circumstances. It did not exercise its discretion to waive the one-year filing deadline for Pena-Lopez's VAWA-based motion to reopen. The BIA also declined to exercise its discretion to

No. 20-60911

sua sponte reopen Pena-Lopez's immigration proceeding. Pena-Lopez timely petitioned for review of the BIA's order.[8]

Pena-Lopez asserts that the BIA committed legal and factual error in concluding that his motion to reopen was time barred and number barred and that no exception to those bars applied here. Despite that assertion, Pena-Lopez does not actually dispute the BIA's determinations that his instant motion to reopen is his third and that it was filed more than a year after the entry of his final order of removal. Moreover, those determinations are supported by the record. Pena-Lopez's challenge is to the BIA's decision not to waive the untimeliness of his motion to reopen. He contends that he affirmatively demonstrated both extraordinary circumstances and extreme hardship to his children, and he maintains that the BIA's decision to the contrary was "utterly without foundation in the evidence."

The government argues that this court lacks jurisdiction to review the BIA's decision because it was a discretionary denial of relief.[9] It points to two unpublished decisions of this court holding that the BIA's decision whether to waive the one-year limitation under § 1229a(c)(7)(C)(iv)(III) is a discretionary decision that we have no jurisdiction to review under 8 U.S.C. § 1252(a)(2)(D).[10]

---

[8] *See* 8 U.S.C. § 1252(b)(1) (providing that a petition for review must be filed within thirty days of the date of a final order of removal); *see also Omozee v. Mukasey*, 261 F. App'x 655, 655-56 (5th Cir. 2008) (per curiam) (unpublished) (citing *Giova v. Rosenberg*, 379 U.S. 18 (1964), and stating that the denial of a motion to reopen removal proceedings is construed as a final order of removal for purposes of this court's jurisdiction); *Torabi v. Gonzales*, 165 F. App'x 326, 329 (5th Cir. 2006) (per curiam) (unpublished) (same).

[9] *See* 8 U.S.C. § 1252(a)(2)(B).

[10] *See Pinho-De Oliveira v. Barr*, 778 F. App'x 332, 333 (5th Cir. 2019) (per curiam) (unpublished) (citing *Kucana*, 558 U.S. at 237, 249); *Ezeokoli v. Lynch*, 630 F. App'x 334, 335 (2016) (per curiam) (unpublished) (same).

No. 20-60911

## II

We must first consider our jurisdiction. This court reviews questions of jurisdiction de novo.[11] Pursuant to § 1252(a)(2)(B)(ii), no court has jurisdiction to review any decision that is statutorily committed to the Attorney General's discretion.[12] Section 1252(a)(2)(B) "precludes review only of discretionary decisions."[13] The provision at issue here, § 1229a(c)(7)(C)(iv)(III), contains the only statutory reference to the Attorney General's discretion with respect to motions to reopen, and a decision not to reopen may be barred from judicial review.[14] This court nevertheless retains jurisdiction under § 1252(a)(2)(D) to review "constitutional claims or questions of law" raised in a petition for review.[15] However, an alien cannot obtain judicial review of a discretionary decision simply by characterizing it as such.[16] The question, then, is whether the BIA's decision not to waive the one-year limitation presents a question of law for the purposes of § 1252(a)(2)(D).[17]

This court has previously held in unpublished, nonprecedential opinions that the BIA's decision whether to waive the one-year time limitation under § 1229a(c)(7)(C)(iv)(III) is a discretionary decision that it

---

[11] *Nehme v. INS*, 252 F.3d 415, 420 (5th Cir. 2001).

[12] 8 U.S.C. § 1252(a)(2)(B)(ii).

[13] *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 216 (5th Cir. 2003) (emphasis omitted).

[14] *Kucana*, 558 U.S. at 243 n.10; *see also* 8 U.S.C. § 1252(a)(2)(B)(ii).

[15] 8 U.S.C. § 1252(a)(2)(D); *see also Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1070-72 (2020).

[16] *Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006) (per curiam).

[17] Pena-Lopez does not raise a constitutional claim.

No. 20-60911

lacks jurisdiction to review.[18] *Pinho-De Oliveira* and *Ezeokoli* are the only two cases issued by this court addressing § 1229a(c)(7)(C)(iv)(III).[19] Pena-Lopez acknowledges the holdings of those cases, but he contends that the Supreme Court's recent decision in *Guerrero-Lasprilla v. Barr*[20] undermines them. We agree.

## A

In *Guerrero-Lasprilla*, the Supreme Court addressed the scope of the phrase "questions of law" that is used in the jurisdiction-restoring provision of § 1252(a)(2)(D).[21] The Court concluded that "the statutory term 'questions of law' includes the application of a legal standard to established facts" and so "mixed questions" of fact and law are not jurisdictionally barred.[22] To hold otherwise, the Court reasoned, "would effectively foreclose judicial review of the [BIA's] determinations so long as it announced the correct legal standard."[23]

This court has not directly addressed the effect of *Guerrero-Lasprilla* on § 1229a(c)(7)(C)(iv) determinations. The Second Circuit has recently issued an unpublished, summary order, holding that there was no jurisdiction to review a § 1229a(c)(7)(C)(iv) determination.[24] But it did not cite—much

---

[18] *Pinho-De Oliveira v. Barr*, 778 F. App'x 332, 333 (5th Cir. 2019) (per curiam) (unpublished) (citing *Kucana*, 558 U.S. 237, 249); *Ezeokoli v. Lynch*, 630 F. App'x 334, 335 (5th Cir. 2016) (per curiam) (unpublished) (same).

[19] *See Pinho-De Oliveira*, 778 F. App'x at 333; *Ezeokoli*, 630 F. App'x 335.

[20] 140 S. Ct. 1062 (2020).

[21] *Id.* at 1067.

[22] *Id.* at 1072.

[23] *Id.* at 1070.

[24] *Antoine v. Garland*, No. 20-716, 2022 WL 1022607, at *2 (2d Cir. 2022) (per curiam) (unpublished) (summary order).

No. 20-60911

less discuss—the effect of *Guerrero-Lasprilla* on its analysis.[25]  The Third Circuit has also addressed the jurisdictional question recently, concluding the opposite but also without discussion or even citation of *Guerrero-Lasprilla*.[26]

More helpful is our court's holding in *Flores-Moreno v. Barr*.[27]  Flores-Moreno filed an untimely motion to reopen his removal proceedings but argued that the untimeliness of his motion "should be equitably tolled because he exercised due diligence in the face of extraordinary circumstances."[28]  This court noted that, prior to *Guerrero-Lasprilla*, it would have held that the question whether an alien exercised due diligence for purposes of equitable tolling was a factual question that it lacked jurisdiction to consider.[29]  In light of *Guerrero-Lasprilla*, though, this court held that, "[b]ecause there is no dispute as to the underlying facts, but rather only as to the application of a legal standard to those facts, the due diligence inquiry in this case is properly construed as a question of law over which we have jurisdiction pursuant to § 1252(a)(2)(D)."[30]

Moreover, in *Trejo v. Garland*,[31] a panel of this court held that the four statutory conditions required for an alien to be eligible for cancellation of removal under § 1229b(b)(1)—including the exceptional and extremely

---

[25] *Id.*

[26] *Walters v. Att'y Gen. of the United States*, No. 20-2543, 2021 WL 4316832, at *1-2 (3d Cir. 2021) (unpublished).

[27] 971 F.3d 541, 544 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1238 (2021).

[28] *Id.* at 543.

[29] *Id.* at 544.

[30] *Id.*

[31] 3 F.4th 760 (5th Cir. 2021).

No. 20-60911

unusual hardship determination—are not discretionary determinations but "the application of a legal standard to . . . established facts," as discussed in *Guerrero-Lasprilla*.[32]   Looking to the language of the statute, this court reasoned that "[o]nly after the adjudicator has determined that the alien may be legally considered for cancellation of removal does the adjudicator's discretion enter the picture, when he or she is called upon to decide whether to *actually grant* cancellation to a qualifying alien."[33]

We see no material difference in the statutes at issue in *Trejo* and those at issue here.[34]   Each grants the Attorney General discretion to take an action—but qualifies that discretion with a legal standard involving extreme hardship.   In the current context, it is only "in the case of an alien who demonstrates extraordinary circumstances or extreme hardship to the alien's child" that the Attorney General may waive the limitation.[35]

This stands in stark contrast to the BIA's ability to sua sponte reopen proceedings.   The board has absolute discretion to "at any time reopen or

---

[32] *Id.* at 773 (quoting *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020)).

[33] *Id.*; *see also* 8 U.S.C. § 1229b(b)(1) ("The Attorney General may cancel removal . . . if the alien . . . establishes that removal would result in exceptional and extremely unusual hardship"); *Parada-Orellana v. Garland*, 21 F.4th 887, 894 (5th Cir. 2022) (citing *Trejo* with approval).

[34] *Compare* 8 U.S.C. § 1229b(b)(1) ("The Attorney General may cancel removal . . . if the alien . . . establishes that removal would result in exceptional and extremely unusual hardship"), *with* 8 U.S.C. § 1229b(b)(2)(A)(v) ("The Attorney General may cancel removal . . . if the alien demonstrates that . . . the removal would result in extreme hardship to the alien, the alien's child, or the alien's parent."), *and* 8 U.S.C. § 1229a(c)(7)(C)(iv)(III) ("[T]he Attorney General may . . . waive this time limitation in the case of an alien who demonstrates extraordinary circumstances or extreme hardship to the alien's child.").

[35] 8 U.S.C. § 1229a(c)(7)(C)(iv)(III).

reconsider a case."[36]  "[T]here is 'no legal standard against which to judge'" the board's decision to sua sponte reopen a case.[37]  Here, however, there is a standard—"extraordinary circumstances or extreme hardship to the alien's child."[38]

Section 1229a(c)(7)(C)(iv)(III)—just like § 1229b(b)(1)—asks the Attorney General to apply a legal standard to a set of facts.[39]  If the facts are undisputed, then under *Guerrero-Lasprilla*, we have jurisdiction to review the application of that standard to a set of facts.[40]  What we do not have is jurisdiction to review the ultimate, discretionary decision of whether to grant relief assuming the alien does meet the legal standard required in the statute.

## B

The government contends that *Guerrero-Lasprilla* concerned only the application of 8 U.S.C. § 1252(a)(2)(D) to the jurisdictional bar found in § 1252(a)(2)(C) and should not be "carried over" to this context—the jurisdictional bar found in § 1252(a)(2)(B).  But this court's decision in *Trejo* explicitly rejected this argument as "a distinction without a difference."[41]  *Guerrero-Lasprilla* construed the meaning of "question of law" as it applies

---

[36] 8 C.F.R. § 1003.2(a).

[37] *Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019) (quoting *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 250 (5th Cir. 2004)).

[38] 8 U.S.C. § 1229a(c)(7)(C)(iv)(III).

[39] 8 U.S.C. § 1229a(c)(7)(C)(iv)(III); *Trejo v. Garland*, 3 F.4th 760, 773 (2021).

[40] *Id.*

[41] *Trejo*, 3 F.4th at 772.

No. 20-60911

to both § 1252(a)(2)(C) and § 1252(a)(2)(B).[42]   "There is no principled reason why its holding does not apply with equal force [to both]."[43]

The government further argues that this court's opinion in *Nastase v. Barr*[44] clarifies that *Guerrero-Lasprilla* "does not disturb" prior precedent suggesting that the BIA's determination was discretionary.  But *Nastase* concerned only the narrow question of whether we had jurisdiction to review the BIA's denial of a § 1159(c) waiver for humanitarian purposes on the theory that "the BIA [had not] considered each of the facts Nastase alleged."[45]  The court concluded that "[o]ur cases disclaiming jurisdiction over the BIA's decision whether to grant a § 1159(c) waiver of inadmissibility . . . are based on the simple observation that the Attorney General's power to grant a § 1159(c) waiver is purely discretionary."[46]  The court therefore held that *Guerrero-Lasprilla* did not apply.[47]  Here however, *Trejo* makes clear that, at least in the context of § 1229b(b)(1), the question whether an alien has demonstrated exceptional and extremely unusual hardship is a prerequisite question of law that must be answered in the affirmative before the Attorney General's discretion is relevant.[48]  Given the nearly identical language in § 1229a(c)(7)(C)(iv)(III) and § 1229b(b)(2), the same is true here as well.  Moreover, there are no precedential decisions

---

[42] *Id.*

[43] *Id.*

[44] 964 F.3d 313 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 877 (2020).

[45] *Id.* at 320.

[46] *Id.*

[47] *Id.*

[48] *Trejo*, 3 F.4th at 773.

supporting the proposition that § 1229a(c)(7)(C)(iv) determinations are purely discretionary.

## C

In its decision, the BIA addressed only whether Pena-Lopez had demonstrated extreme hardship or extraordinary circumstances. It made no mention of a discretionary denial. Further, the government does not contest the underlying facts, only that they do not demonstrate extreme hardship or extraordinary circumstances. The issue on appeal, then, is whether the BIA erred in determining that Pena-Lopez did not establish extreme hardship or extraordinary circumstances. This appeal falls squarely within the holdings of *Guerrero-Lasprilla* and *Trejo*. Normally review would be barred under § 1252(a)(2)(B), but the jurisdiction-restoring provision of § 1252(a)(2)(D), as interpreted by those cases, restores our jurisdiction to review the BIA's determination that Pena-Lopez did not demonstrate the necessary prerequisites to relief.

## III

We turn now to the merits. The BIA determined that Pena-Lopez did not demonstrate extreme hardship or extraordinary circumstances when it denied his motion to reopen. We review a motion to reopen under a highly deferential abuse of discretion standard of review.[49] "[We] must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."[50]

---

[49] *Mejia v. Whitaker*, 913 F.3d 482, 488 (5th Cir. 2019).

[50] *Id.* (quoting *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009)).

No. 20-60911

We have been unable to find any decisions on point, nor have the parties provided any to us. Nevertheless, our decisions in the related context of § 1229b(b)(1) provide guidance. Relying on a decision of the BIA, we have held that a showing of exceptional and extremely unusual hardship requires more than a showing that relocation would be hard on the family.[51] Congress required a showing of something more than mere hardship, something beyond the challenges a relocation normally entails.[52] Put simply, the ordinary travails of a relocation do not suffice.

In the present context, Congress has required a showing of "extraordinary circumstances or extreme hardship to the alien's child" in order to waive the one-year filing deadline.[53] Obviously, this standard is worded slightly different than that found in § 1229b(b)(1); however, just as in that section, Congress has required a showing beyond ordinary circumstances or mere hardship.[54] The BIA determined that Pena-Lopez did not establish that his circumstances were extraordinary nor that his children would suffer extreme hardship. Rather, it determined that they were the ordinary circumstances of a VAWA-based motion to reopen, and the usual hardships of a relocation. Further, the BIA pointed out that one of Pena-

---

[51] *Parada-Orellana v. Garland*, 21 F.4th 887, 895 (5th Cir. 2021) (denying petition for review of a § 1229b(b)(1) denial when an alien failed to show that any hardships suffered would be "different from, or beyond, that which would normally be expected from the deportation of an alien") (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001)); *see also Trejo v. Garland*, 3 F.4th 760, 775 (5th Cir. 2021) (noting that "every court to have considered [the BIA's interpretation] has concluded that [it] is . . . entitled to *Chevron* deference"); *Avila-Baeza v. Barr*, 827 F. App'x 414, 415-16 (5th Cir. 2020) (per curiam) (unpublished) (deferring to the BIA's interpretation of the hardship requirement in § 1229b(b)(1)).

[52] *See* 8 U.S.C. § 1229a(c)(7)(C)(iv)(III).

[53] *Id.*

[54] *Cf. Parada-Orellana*, 21 F.4th at 895; *see also* 8 U.S.C. § 1229a(c)(7)(C)(iv)(III).

No. 20-60911

Lopez's children is twenty years old and more than likely able to supplement the material support his father could provide from outside the country.

We need not—and do not—determine the precise contours of "extraordinary circumstances or extreme hardship to the alien's child" with our opinion today. Nor, indeed, did the BIA in its decision. But whatever the precise contours of that standard, we can say confidently that the ordinary (terrible) circumstances of a VAWA-based motion to reopen and the usual hardships of a relocation do not suffice.[55] Congress has given petitioners an opportunity to seek relief beyond the usual filing deadline, but it limits that opportunity to extraordinary or extreme cases. On these facts and under this highly deferential standard of review, we cannot say that the BIA's decision was "capricious, without foundation in the evidence," or "irrational."[56] We do not disturb the determination of the BIA.[57]

## IV

Pena-Lopez also appeals the BIA's decision not to sua sponte reopen his proceedings. But "[t]he Board may at any time reopen or reconsider a case."[58] This decision is firmly entrenched within the discretion of the

---

[55] *See Parada-Orellana*, 21 F.4th at 895.

[56] *See Mejia v. Whitaker*, 913 F.3d 482, 487 (5th Cir. 2019) (quoting *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009)).

[57] *See Parada-Orellana* 21 F.4th at 895; *see also Zambrano Reyes v. Barr*, 776 F. App'x 187, 187 n.* (4th Cir. 2019) (per curiam) (unpublished) ("Even if we assume that Zambrano Reyes' motion was timely filed under 8 U.S.C. § 1229a(c)(7)(C)(iv) (2012), the Board provided substantive reasoning for denying the motion. Because this reasoning was not 'arbitrary, irrational, or contrary to law,' we find no abuse of discretion.") (internal citation omitted).

[58] 8 C.F.R. § 1003.2(a).

No. 20-60911

Attorney General and unaffected by *Guerrero-Lasprilla* "because there is 'no legal standard against which to judge.'"[59] We lack jurisdiction to review it.[60]

\* \* \*

Because the BIA did not abuse its discretion in determining that Pena-Lopez has not established extreme hardship or extraordinary circumstances with regard to his motion to reopen, we DENY his petition for review on that ground. Further, we DISMISS his petition for review for lack of jurisdiction as to the BIA's decision not to sua sponte reopen his proceedings.

---

[59] *See Mejia*, 913 F.3d at 490 (quoting *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 250 (5th Cir. 2004)).

[60] *See id.*