# United States Court of Appeals
# for the Fifth Circuit

No. 22-60077
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 11, 2022

Lyle W. Cayce
Clerk

Julio Cesar Perez Espinoza,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A087 935 171

Before Higginbotham, Graves, and Ho, *Circuit Judges*.
Per Curiam:*

Julio Cesar Perez Espinoza, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his motion to reopen the removal proceedings sua sponte. Perez Espinoza argues that the BIA erred in refusing to reopen the removal proceedings sua

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

sponte based on exceptional circumstances.  The Government responds that this court lacks jurisdiction to review the BIA's sua sponte decision making. This court reviews its subject matter jurisdiction de novo.  *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013).

While Perez Espinoza acknowledges this court's prior precedent in *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004), where the court held that it lacks jurisdiction to review the BIA's refusal to exercise its sua sponte authority to reopen removal proceedings, he contends that *Enriquez-Alvarado* and its progeny were wrongly decided in light of the Supreme Court's subsequent decisions, including *Mata v. Lynch*, 576 U.S. 143 (2015), and *Kucana v. Holder*, 558 U.S. 233 (2010).

*Mata* and *Kucana* did not disturb this court's prior precedent holding that it lacks jurisdiction to review the BIA's wholly discretionary decision not to reopen a case sua sponte.  *See Mata*, 576 U.S. at 148 (assuming arguendo that circuit courts lack authority to review BIA's use of its discretionary power to sua sponte reopen a case); *Kucana*, 558 U.S. at 251 n.18 ("express[ing] no opinion on whether federal courts may review the [BIA's] decision not to reopen removal proceedings sua sponte"); *see also Pena-Lopez v. Garland*, 33 F.4th 798, 807 (5th Cir. 2022) (reaffirming *Enriquez-Alvarado*'s holding that there is no jurisdiction to review the BIA's decision not to sua sponte reopen removal proceedings).

The petition for review is DISMISSED for lack of jurisdiction.