# United States Court of Appeals for the Fifth Circuit

―――――――――

No. 23-60646
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2024

Lyle W. Cayce
Clerk

Jose Carrero-Marroquin,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

―――――――――――――――――――――――

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 484 698

―――――――――――――――――――――――

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Jose Carrero-Marroquin, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) order denying his motion to reopen, which was filed in order to be able to apply for cancellation of his removal under 8 U.S.C. § 1229b(b). Carrero maintains the BIA erred in concluding he did not present evidence of *prima facie* eligibility for

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

cancellation of removal because he did not show his children would experience the requisite hardship in the event of his removal.

Because motions to reopen are "disfavored", their denial is reviewed "under a highly deferential abuse-of-discretion standard". *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304–05 (5th Cir. 2017) (citations omitted). This standard requires a ruling to stand so long as "it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Id.* (citation omitted).

A motion to reopen may be denied if movant does not make a *prima facie* showing of eligibility for the relief sought. *E.g.*, *Parada-Orellana v. Garland*, 21 F.4th 887, 893 (5th Cir. 2022) (citing *INS v. Abudu*, 485 U.S. 94, 104 (1988)). An alien "must show that there is a reasonable likelihood that he is statutorily eligible for the relief he seeks". *Abubaker Abushagif v. Garland*, 15 F.4th 323, 330 (5th Cir. 2021).

In doing so, Carrero must show, *inter alia*, that his removal would cause "exceptional and extremely unusual hardship to" a qualifying relative, including a child who is a United States citizen. 8 U.S.C. § 1229b(b)(1)(D); *see Pena-Lopez v. Garland*, 33 F.4th 798, 806 (5th Cir. 2022) (requiring a showing beyond "mere hardship"). Carrero, however, submitted a largely-incomplete cancellation application, containing no evidence detailing the hardship his children would suffer upon his removal. (His assertion in a footnote in his brief that counsel's "record of submission shows a completed Application" is irrelevant because the official record has an incomplete application; and, obviously, "[s]tatements [made] by counsel in briefs are not evidence". *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980).) There was no abuse of discretion.

DENIED.