# United States Court of Appeals for the Fifth Circuit

---

No. 24-60188
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2024

Lyle W. Cayce
Clerk

RAQUEL GARCIA-TINOCO,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A088 839 027

---

Before BARKSDALE, HAYNES, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Raquel Garcia-Tinoco, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) order denying her motion to reopen and terminate proceedings. Garcia raises several issues in her petition, discussed *infra*.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-60188

This is her third motion to reopen. Motions to reopen are "disfavored", and their denial is reviewed under "a highly deferential abuse-of-discretion standard". *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304–05 (5th Cir. 2017) (citations omitted). This standard requires a ruling to stand unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 (5th Cir. 2021) (citations omitted).

Garcia contends that the holding of *Niz-Chavez v. Garland*, 593 U.S. 155 (2021) — a defective NTA does not trigger the "stop-time rule" under 8 U.S.C. § 1229b(d)(1) — should be interpreted to mean that a defective NTA also deprives a party of proper notice such that the immigration judge (IJ) does not have jurisdiction over the case. This contention, however, is foreclosed by precedent. *E.g.*, *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 480 (5th Cir. 2022) (explaining precedent forecloses contention that IJ did not acquire jurisdiction on account of defective notice), *overruled on other grounds by Wilkinson v. Garland*, 144 S. Ct. 780, 787–88, 787 n.2 (2024); *Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021) (same).

Relatedly, Garcia asserts that, because of the claimed defective notice and claimed resulting lack of jurisdiction, the IJ's order of removal violated her due-process rights. This contention likewise fails because the record shows that she knew of the hearing, and she does not explain how the alleged flaw in the NTA prejudiced her. *E.g.*, *Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) (alien bears burden of showing "substantial prejudice"). Because she fails to explain how the BIA's application of *Matter of Fernandes*, 28 I. & N. Dec. 605, 608–11 (BIA 2022) (holding time-and-place requirement for NTAs is claims-processing rule and NTA objection must be raised by close of pleadings or is waived), to her case prejudiced her, her due-process

claim grounded in that application also fails.  *See Arteaga-Ramirez*, 954 F.3d at 813.

Garcia also asserts the BIA erred in determining she had not shown eligibility for cancellation of removal.  A motion to reopen may be denied if the movant does not make a *prima facie* showing of eligibility for the relief sought.  *E.g.*, *Parada-Orellana v. Garland*, 21 F.4th 887, 893 (5th Cir. 2022) (citing *INS v. Abudu*, 485 U.S. 94, 104 (1988)).  An alien "must show that there is a reasonable likelihood that [she] is statutorily eligible for the relief [she] seeks".  *Abubaker Abushagif v. Garland*, 15 F.4th 323, 330 (5th Cir. 2021).

In doing so, Garcia must show, *inter alia*, that her removal would cause "exceptional and extremely unusual hardship to" a qualifying relative, including a child who is a United States citizen.  8 U.S.C. § 1229b(b)(1)(D); *see Pena-Lopez v. Garland*, 33 F.4th 798, 806 (5th Cir. 2022) (requiring a showing beyond "mere hardship").  Garcia, however, did not provide any evidence of exceptional circumstances prohibiting her relocation to Mexico, merely asserting that her children's standard of living would diminish due to her inferior employment prospects in her home country.  *E.g.*, *Matter of Monreal*, 23 I. & N. Dec. 56, 63–64 (BIA 2001) ("A lower standard of living or adverse country conditions in the country of return . . . generally will be insufficient in themselves to support a finding of exceptional and extremely unusual hardship.").  Garcia also failed to provide any information about her income as a cleaner in the United States and stated she had been unemployed since she entered the country.  The BIA did not abuse its discretion in concluding Garcia failed to make a showing beyond "mere hardship".  *See Pena-Lopez*, 33 F.4th at 806.

We decline to address Garcia's equitable-tolling contentions because the BIA's determination that she failed to make a *prima facie* showing of

eligibility for cancellation of removal provides a sufficient basis to uphold its denial of her motion to reopen. *E.g.*, *Parada-Orellana*, 21 F.4th at 893; *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Finally, our court lacks jurisdiction to consider her contention concerning the BIA's decision not to exercise its power to *sua sponte* reopen her proceedings. *E.g.*, *Qorane v. Barr*, 919 F.3d 904, 911–12 (5th Cir. 2019) (explaining decision to refrain from exercising BIA's authority is committed to agency discretion by law).

DISMISSED in part for lack of jurisdiction and DENIED in part.