# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 24-60440
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2025

Lyle W. Cayce
Clerk

Oscar Arsenio Mira-Castro,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

―――――――――――――――――――――

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A078 952 262

―――――――――――――――――――――

Before Barksdale, Haynes, and Wilson, *Circuit Judges.*

Per Curiam:[*]

Oscar Arsenio Mira-Castro, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion to reopen his proceedings, filed approximately 20 years after his first appeal was affirmed by the BIA. Each of the issues raised by Mira fail for the following reasons.

―――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60440

Motions to reopen are "disfavored", and their denial is reviewed under a corresponding "highly deferential abuse-of-discretion standard". *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304–05 (5th Cir. 2017) (citations omitted). This standard requires a ruling to stand unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 (5th Cir. 2021) (citations omitted).

Mira's contention that his notice to appear (NTA) was fatally flawed and failed to confer jurisdiction upon the immigration judge (IJ) because it did not give a time and date for his hearing fails because the single-document requirement for an NTA does not affect the jurisdiction of the IJ. *See Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021). His challenge to the BIA's rejection of his contention that his NTA was statutorily deficient likewise fails to show an abuse of discretion. *See Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005); *Matter of Fernandes*, 28 I. & N. Dec. 605, 608–11 (BIA 2022) (holding time-and-place requirement for NTAs is a claims-processing rule and NTA objection must be raised by close of pleadings or is waived); *Matter of Nchifor*, 28 I. & N. Dec. 585, 589 (BIA 2022) (objections to the omission of time and place of hearing from an NTA are forfeited if raised for the first time in motion to reopen).

Relatedly, Mira asserts that, because of the claimed defective notice and claimed resulting lack of jurisdiction, the IJ's order of removal violated his due-process rights. This contention likewise fails because: it is grounded in his unavailing challenges to the NTA; and the record shows he attended all of his hearings, thus showing that he was not prejudiced by the alleged flaw in the NTA. *See Maniar*, 998 F.3d at 242 & n.2; *Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) (alien bears burden of showing "substantial prejudice").

2

No. 24-60440

Mira also challenges the BIA's conclusion that he failed to make a *prima facie* showing of eligibility for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(D). An alien "must show that there is a reasonable likelihood that he is statutorily eligible for the relief he seeks". *Abubaker Abushagif v. Garland*, 15 F.4th 323, 330 (5th Cir. 2021). In doing so, Mira must show, *inter alia*, that his removal would cause "exceptional and extremely unusual hardship to" a qualifying relative, including a child who is a United States citizen. 8 U.S.C. § 1229b(b)(1)(D); *see Pena-Lopez v. Garland*, 33 F.4th 798, 806 (5th Cir. 2022) (requiring a showing beyond "mere hardship").

Mira, however, did not provide any evidence of "exceptional and unusual hardship" (such as, showing his children had special educational or health concerns) that would prevent his removal to El Salvador. *E.g.*, *Matter of Monreal*, 23 I. & N. Dec. 56, 63–64 (BIA 2001). Mira did not establish circumstances that made it reasonably likely that his family would suffer hardship substantially different from, or beyond that, which would normally be expected when a close family member is removed from the United States. *E.g.*, *Parada-Orellana v. Garland*, 21 F.4th 887, 894–95 (5th Cir. 2022) (typical emotional distress accompanying removal of family member does not amount to extreme hardship for cancellation purposes); *Matter of Andazola-Rivas*, 23 I. & N. Dec. 319, 323 (BIA 2002). Accordingly, the BIA did not abuse its discretion in concluding Mira failed to make a showing beyond "mere hardship". *See Pena-Lopez*, 33 F.4th at 806.

We decline to address Mira's equitable-tolling contentions because the BIA's determination that he failed to make a *prima facie* showing of eligibility for cancellation of removal provides a sufficient basis to uphold its denial of his motion to reopen. *E.g.*, *Parada-Orellana*, 21 F.4th at 893; *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

3

No. 24-60440

Finally, our court lacks jurisdiction to consider his contention concerning the BIA's decision not to exercise its discretion to *sua sponte* reopen his proceedings. *E.g.*, *Qorane v. Barr*, 919 F.3d 904, 911–12 (5th Cir. 2019) (explaining decision to refrain from exercising BIA's authority is committed to agency discretion by law).

DISMISSED in part; DENIED in part.