# United States Court of Appeals for the Fifth Circuit

———————————

No. 25-60648
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2026

Lyle W. Cayce
Clerk

HECTOR REYES,

*Petitioner*,

*versus*

TODD WALLACE BLANCHE, *acting U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A094 286 000

———————————————————————

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Hector Reyes, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) denying his motion to reopen his proceedings and rescind his in absentia removal order. Our review is for

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60648

abuse of discretion. *See Gonzales-Cantu v. Sessions*, 866 F.3d 302, 304-05 (5th Cir. 2017).

Reyes's arguments concerning timeliness and equitable tolling are misplaced because the BIA and IJ did not consider these factors. His argument that his notice to appear (NTA) failed to confer jurisdiction on the immigration court because it lacked a time and date for his hearing fails under our jurisprudence. *See Maniar v. Garland*, 998 F.3d 235, 242 (5th Cir. 2021). His argument that he did not receive sufficient notice of his hearing due to the alleged flaw in his NTA similarly fails under relevant caselaw. *See Campos-Chaves v. Garland*, 602 U.S. 447, 450, 457-62 (2024). Reyes's due process argument is unavailing because there is no liberty interest in connection with reopening proceedings. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 361 n.2 (5th Cir. 2009). Finally, we lack jurisdiction to review the BIA's refusal to exercise its discretion to sua sponte reopen his proceedings. *Pena-Lopez v. Garland*, 33 F.4th 798, 807 (5th Cir. 2022). The petition for review is DENIED in part and DISMISSED in part for want of jurisdiction.